UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MICHAEL ANTHONY HOLMES,<br><br>Movant. | No.  2:14-cr-0317 MCE AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 71.  Respondent has moved to dismiss.  ECF No. 84.

I.  Factual and Procedural Background

Pursuant to a plea agreement, movant pled guilty to the sex trafficking of children.  ECF Nos. 53, 54.  Judgment was entered on July 6, 2017.  ECF No. 64.  Movant was sentenced to a term of imprisonment of 188 months.  Id. at 2.  He filed a notice of appeal from the judgment on January 24, 2020,[1] ECF No. 65, which was dismissed as untimely, ECF No. 69.  The present § 2255 motion was filed on April 30, 2020.  ECF No. 71.  Movant seeks to correct his sentence on

---

[1] Since movant is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

the grounds that (1) there was a conflict of interest because the supervising probation officer and movant's mitigating specialist were related, resulting in movant receiving a term of 188 months instead of the 120 months he was promised; (2) his lawyer provided him ineffective assistance of counsel by failing to file an appeal; (3) his criminal history score was incorrectly calculated, placing him in the worst category; and (4) his right to due process was violated because he was not given a psychiatric evaluation despite his attorney and probation officer having knowledge of his mental illnesses. Id. at 4-8.

II.     Motion to Dismiss

Respondent moves to dismiss movant's § 2255 motion as untimely. ECF No. 84. The government argues that the statute of limitation was triggered by the finality of judgment and that an alternate trigger date does not apply. Id. at 5-6; see also 28 U.S.C. §2255(f)(1) (listing trigger dates for statute of limitations). Since movant did not submit his § 2255 motion until almost three years after the judgment became final, respondent argues that it is untimely and therefore barred. ECF No. 84 at 5-7. Alternatively, respondent argues that movant waived the right to appeal in the plea agreement and that the claims lack merit. Id. at 7-12.

Movant's opposition reiterates the arguments he made in his § 2255 motion and argues that he was incompetent when he was coerced into signing the plea agreement and that counsel was ineffective when he failed to negotiate out the waiver of the right to appeal. ECF No. 100. Although he does not address the issue of the statute of limitations, movant argues as part of his ineffective assistance claim that he asked his attorney to file a direct appeal during his sentencing hearing, but his attorney failed to do so, causing him to file an untimely pro se direct appeal. Id. at 4.

In reply, respondent argues that movant failed to meet the requirement of due diligence necessary for an alternate trigger date under § 2255 and that he failed to show that the waiver of the right to appeal was invalid. ECF No. 102.

III.    Statute of Limitations

A one-year statute of limitation applies to a motion filed under 28 U.S.C. § 2255. The clock begins to run from one of several alternative triggering dates. 28 U.S.C. § 2255(f). In most

cases, the applicable date is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a criminal case, judgment becomes final after fourteen days from the date it was entered unless a timely appeal is filed. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (where no appeal is filed, the clock for the statute of limitation under § 2255 begins to run once the time to file a direct appeal has expired); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal due within fourteen days of the entry of judgment).

Here, judgment against movant was entered on July 6, 2017. ECF No. 64. Absent the filing of a timely appeal, judgment therefore became final July 20, 2017, and the statute of limitations expired July 20, 2018. In this case, while movant did file a notice of appeal from the judgment, he did not do so until January 24, 2020. ECF No. 65. The appeal was dismissed as untimely, ECF No. 69, and movant filed this § 2255 motion on April 30, 2020, almost two years after the statute of limitations expired. The motion is therefore untimely unless he is entitled to an alternate trigger date or equitable tolling.

### A. Movant's Opposition

As an initial matter, movant's opposition did not address the assertion that this action is time-barred. ECF No. 100. Movant's silence on this point may be construed as a concession that his claims are untimely. Reyes v. Wells Fargo Bank, No. EDCV 17-909 JFW (KKx), 2017 WL 11568871, at *4, 2017 U.S. Dist. LEXIS 198129, at *8-9 (C.D. Cal. Aug. 17, 2017) (collecting cases); see also L.R. 230(c) (failure to file timely opposition may be construed by court as non-opposition to motion). However, as discussed below, assuming that movant did not intend to concede the issue and is instead standing upon the allegations in his § 2255 motion, he has still failed to show that he exercised due diligence in discovering the facts underlying his claims or pursuing his claims.

### B. Alternate Trigger Date

The statute provides an alternative trigger date based on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Under § 2255(f)(4), movant need only know the facts applicable to his claim, not the legal consequences of those facts, for the clock to start running.

3

United States v. Cazarez-Santos, 655 F. App'x 543, 545 (9th Cir. 2016) (citing Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001)).

In his § 2255 motion, movant states that he did not file a direct appeal with respect to Ground Two because he had no knowledge of the facts underlying his ineffective assistance of counsel claim until recently, and with respect to Ground Three because the information related to his criminal history score was newly discovered. ECF No. 71 at 5, 7. These contentions suggest that movant may be attempting to claim that he is entitled to an alternate trigger date based upon the discovery of new facts.[2]

### 1. Ineffective Assistance of Counsel

To obtain an alternate trigger date for an ineffective assistance of counsel claim, movant must show he has exercised due diligence to discover facts suggesting both (1) that his attorney's actions were "unreasonable under prevailing professional standards" and (2) that had his attorney not fallen below the professional standards, "there is a reasonable probability" the outcome would have been different. Hasan, 254 F.3d at 1154 (citing Strickland v. Washington, 466 U.S. 688, 687-91, 694 (1984)).

Movant alleged in his § 2255 motion that he asked his counsel to file an appeal at his sentencing hearing, and that his counsel agreed that he would. ECF No. 71 at 10. Relying on that conversation, movant had been "patiently waiting" to hear about his appeal. Id. Though movant states he attempted to contact his counsel "on several occasions to no avail," he does not indicate when the attempts were made. Id. The opposition to the motion to dismiss fails provide any additional information, ECF No. 100, despite respondent explicitly calling movant's diligence into question, ECF No. 84 at 6-7.

Assuming without deciding that counsel was ineffective, movant has failed to show why it took him until November 6, 2019, to write the court and discover counsel's failure to file an

---

[2] It does not appear that movant is attempting to claim entitlement to an alternate trigger date with respect to his conflict of interest and due process claims. However, even if he were trying to make such a claim, there is no basis for an alternate trigger date based on new information because he alleges that he believed counsel was pursuing the first claim and that he did not know how to pursue the second, not that he was unaware of the facts underlying the claims. ECF No. 71 at 4, 8.

4

appeal. "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." United States v. Ndiagu, 591 F. App'x 632, 634 (9th Cir. 2015) (quoting Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012)). While reasonable diligence does not require movant to have immediately checked up on counsel, waiting over two years from the entry of judgment to contact the court, particularly in the face of counsel's lack of communication, does not demonstrate the requisite diligence. Movant could easily have discovered counsel's failure more than a year before he filed his § 2255 motion had he exercised reasonable diligence. See Silva-Isais v. United States, No. 1:11-cr-0178 LJO, 2014 WL 37245, at *2, 2014 U.S. Dist. LEXIS 1600, at *7 (E.D. Cal. Jan. 6, 2014) (movant was not diligent where he contacted counsel several times but received no response and wait over two years to request a docket sheet from court); United States v. Rodriguez, 858 F.3d 960, 963-64 (5th Cir. 2017) ("[c]omplete inactivity in the face of no communication from counsel does not constitute diligence" where movant waited to contact the court until almost fifteen months after the time to appeal expired (citation omitted)); Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (a diligent person "would have discovered counsel's failure to notice an appeal well over a year before he filed his [§ 2255] motion" where the motion was filed fifteen months after judgment became final).

Because movant fails to demonstrate he exercised diligence in discovering counsel's failure to file an appeal, any assertion that he is entitled to an alternate trigger date fails.

### 2. Presence Report

Movant's claim that his criminal history score was incorrectly calculated in his presentence report does not entitle him to an alternate trigger date as to that claim. ECF No. 71 at 6. The draft of the presentence report was filed November 30, 2016, ECF No. 55, and the final report was filed February 23, 2017, ECF No. 57. Movant therefore could have first discovered the alleged error after the draft report was filed on November 30, 2016, and that the error had not been corrected upon receiving the final report after it was filed on February 23, 2017. Movant's failure to review his report or recognize the error in a timely manner does not entitle him to an alternate trigger date.

### 3. Conclusion

Since movant is not entitled to an alternate trigger date for any of his claims, his entire § 2255 motion is untimely unless he is entitled to equitable tolling.

## C. Equitable Tolling

In his § 2255 motion, movant states that the motion was untimely because his attorney told him he would file a direct appeal but failed to do so. ECF Nos. 71 at 10-11. This allegation suggests an argument for equitable tolling, though movant does not use that term. To be entitled to equitable tolling movant must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The statute of limitations contained in § 2255 is subject to equitable tolling."). Equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)), and only "reasonable diligence" is required, Holland, 560 U.S. at 653 (citation omitted). Movant bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418.

An attorney's conduct may be considered an extraordinary circumstance for purposes of equitable tolling. Holland, 560 U.S. at 651-54 (holding that sufficiently serious attorney misconduct may rise to the level of extraordinary circumstances warranting equitable tolling). However, mere negligence is not enough to warrant equitable tolling, id. at 651-52, and movant must also show that counsel's conduct was the cause of the untimely post-conviction action, United States v. Buckles, 647 F.3d 883, 890 (9th Cir. 2011) (there must be a "causal link between counsel's alleged actions and the untimeliness of the § 2255 motion" (citation omitted)). Assuming that counsel agreed to file a direct appeal for movant and failed to do so, movant is not entitled to equitable tolling because he has not shown both that he was diligent and that counsel's failure caused the untimeliness of his § 2255 motion.

////

For the same reasons that movant failed to establish diligence in discovering counsel's alleged ineffectiveness, he has not met his burden in this context of showing that he has been diligently pursing his rights. Given that movant "wanted to exhaust [his] Direct Appeal prior to filing a 2255 motion" and that his attempts to contact counsel were met with silence, the court cannot find that he was diligent in waiting over two years to write the court to ascertain the status of his appeal. Furthermore, movant has failed to show that there is a causal connection between counsel's failure to file a direct appeal and the untimeliness of his §2255 motion. Counsel was allegedly engaged to file a direct appeal only, and accordingly there was no reliance on counsel for a § 2255 motion and nothing precluding movant from filing the motion himself. See Silva-Isais, 2014 WL 37245, at *3, 2014 U.S. Dist. LEXIS 1600, at *7-8 (counsel's failure to file notice of appeal did not prevent timely filing of § 2255 motion). Moreover, while movant alleges that he contacted his counsel several times with no response, he has not provided any explanation as to how his attorney's silence prevented him from independently inquiring as to the status of his appeal or proceeding with a § 2255 motion. As stated above, movant could have discovered that counsel had not filed an appeal long before he eventually contacted the court on November 6, 2019, and it was therefore movant's lack of diligence in discovering counsel's failure that led to the untimeliness of the motion.

In sum, movant is not entitled to equitable tolling because he has not shown he exercised reasonable diligence to determine his appeal status or that the untimeliness was due to counsel's conduct.[3]

D. Conclusion

Because movant is not entitled to an alternate trigger date or equitable tolling, his motion under § 2255bis untimely and the United States' motion to dismiss should be granted. The court

////

---

[3] A movant "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'" Roy v. Lampert, 465 F.3d 964, (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003)). However, in this case, an evidentiary hearing is unnecessary because the court has assumed the truth of movant's allegations and found they do not demonstrate that he is entitled to equitable tolling.

need not consider respondent's alternative arguments that movant waived his right to appeal and that his claims lack merit.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

Your § 2255 motion should be dismissed because it was filed too late. Even if your lawyer caused you to miss your direct appeal deadline, that didn't stop you from contacting the court about the status of your case or filing a § 2255 motion on your own by the deadline.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, ECF No. 84, be GRANTED and movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 71, be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 22, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE