UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY HOLMES,<br><br>Defendant. | No. 2:14-cr-00317-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Michael Anthony Holmes's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 107.) The Government filed an opposition. (ECF No. 112.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On November 4, 2016, Defendant pleaded guilty to sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1), (b)(1).  (ECF Nos. 53, 54.)  On June 23, 2017, Judge Garland E. Burrell, Jr. sentenced Defendant to a low-end, 188-month term of imprisonment to be followed by a 240-month term of supervised release.  (ECF Nos. 63, 64.)  Defendant is currently serving his sentence at Tucson USP.  He has served approximately 94 months of his 188-month sentence, and his projected release date is October 12, 2028.  (ECF No. 112-1 at 4.)

On January 13, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release.  (ECF No. 107.)  Defendant requests the Court reduce his term of imprisonment to time served or to what the Court "deems just and proper."  (*Id.* at 23.)  The matter was reassigned to this Court on January 17, 2023.  (ECF No. 108.)

II. **ANALYSIS**

A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden on December 6, 2022.  (ECF No. 107 at 26.)  Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a

sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues the following constitute extraordinary and compelling reasons for his release: (1) the changes in the law with the First Step Act; (2) the length of his sentence; (3) the young age he was arrested; (4) his rehabilitation; and (5) his living conditions in prison during the COVID-19 pandemic. (ECF No. 107.) In opposition, the Government argues that none of these circumstances justify Defendant's release. (ECF No. 112 at 6–7.) The Government also notes that Defendant has been disciplined for phone abuse, mail abuse, and assault while in prison, which resulted in the loss of 81 days good conduct time and undermines Defendant's claim that he is fully rehabilitated. (*Id.* at 7–8.)

The Court agrees with the Government that Defendant has not established extraordinary and compelling reasons for release. While the Court commends Defendant for the positive steps he has taken while in prison, he fails to persuade the Court that his rehabilitation efforts warrant a sentence reduction. As for his concerns about COVID-19, Defendant only raises general concerns about COVID-19 — not any specific concerns based on his own medical conditions. It also bears mentioning that there are currently zero active cases of COVID-19 at Defendant's facility. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited February 17, 2023). For all these reasons, the Court concludes there are no extraordinary and compelling reasons for Defendant's release.

C.   18 U.S.C. § 3553(a) Factors

In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Although not clearly framed as § 3553(a)

3

arguments, Defendant discusses his difficult childhood and his efforts at rehabilitation, such as working and taking numerous courses while in prison. (ECF No. 107 at 12–16.) He also argues he is no longer the man who committed the instant offense and there is no concern that he would be a danger to the public if released. (*Id.* at 16.) Lastly, Defendant contends that he has support from his family and community. (*Id.* at 22.) In opposition, the Government argues Defendant has an extremely long criminal history and is a convicted sex offender who trafficked a minor child for his own financial benefit. (ECF No. 112 at 9.) The Government emphasizes that Defendant admitted under oath to using force against the victim and he continued to threaten and traffic her even while he was imprisoned on other charges. (*Id.*)

The Court agrees with the Government. Based on Defendant's lengthy criminal history and the serious nature and circumstances of the instant offense, Defendant has not shown the § 3553(a) factors support any sentence reduction from his well-supported, low-end, 188-month term of imprisonment.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 107.)

IT IS SO ORDERED.

DATED: February 23, 2023

Troy L. Nunley
United States District Judge