UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ANTHONY HOLMES,

Defendant.

No. 2:14-cr-00317-TLN

**ORDER**

This matter is before the Court on Defendant Michael Anthony Holmes's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 125.) The Government filed an opposition. (ECF No. 129.) Defendant filed a reply. (ECF No. 126.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2016, Defendant pleaded guilty to one count of sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1). (ECF Nos. 53, 54.) The applicable guidelines range at sentencing was 188 to 235 months in prison based on Defendant's total offense level of 31 and criminal history category of VI. (ECF No. 57 at 17.) On June 23, 2017, Judge Garland E. Burrell, Jr., sentenced Defendant to what was then a low-end, 188-month term of imprisonment to be followed by a 240-month term of supervised release, which was consistent with recommendations from the Government and the probation officer. (ECF Nos. 57, 62, 63, 64.)

On July 19, 2024, Defendant filed the instant motion to reduce his sentence based on Amendment 821, which became effective in November 2023 and amended the Sentencing Guidelines' "status point" provision. (ECF No. 125.) The amended status point provision, U.S.S.G. § 4A1.1(e) ("§ 4A1.1(e)"), provides that defendants who receive seven or more criminal history points based on prior criminal convictions now receive one, rather than two, status criminal history points for committing an offense "while under any criminal justice sentence" such as probation, parole, or supervised release. The amended provision applies retroactively. U.S.S.G. § 1B1.10(d).

The parties agree that, applied to this case, § 4A1.1(e) reduces Defendant's criminal history score from 13 to 12, his criminal history category from VI to V, and his guidelines range from 188–235 months in prison to 168–210 months in prison. (ECF No. 125 at 3; ECF No. 129 at 5.) Defendant has served approximately 115 months in custody, and his projected release date with good conduct time is November 8, 2028. (ECF No. 129-1 at 4.) In the instant motion, Defendant requests the Court reduce his sentence from 188 months to 168 months, the low end of his amended guidelines range. (ECF No. 125 at 1.)

## II. STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if such a

> reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range. *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case. *Id.*

### III. ANALYSIS

As a threshold matter, the parties do not dispute that step one is met because Amendment 821 lowered Defendant's guidelines range from 188–235 months in prison to 168–210 months in prison. (ECF No. 125 at 3; ECF No. 129 at 5.) Instead, the parties only dispute whether the Court should exercise its discretion to grant a reduction from 188 months to 168 months. Therefore, the Court only addresses the parties' arguments as to step two.

Defendant argues: (1) status points produce overly long sentences and do not predict recidivism; (2) a sentence reduction does not implicate public safety concerns in this case; and (3) the § 3553(a) factors support a sentence reduction. (ECF No. 125 at 3–8.) As to the § 3553(a) factors, Defendant first discusses his difficult upbringing. (*Id.* at 6.) Defendant's father was sentenced to ten years in prison when Defendant was three years old, Defendant entered the foster care system when he was five years old due to his mother's incarceration and drug addiction, and Defendant regularly witnessed his mother and older sister being physically abused by their romantic partners. (*Id.*) Defendant next argues he struggles with depression and mental health issues and began smoking marijuana daily at the age of ten. (*Id.*) Defendant argues despite these challenges, he has built "a remarkable record of rehabilitation" while in prison. (*Id.*) Specifically, Defendant emphasizes he works as a third-year electrical apprentice, he has completed numerous college courses, he has completed sex offender treatment and the non-residential Drug Abuse Treatment Program, and he has a thoughtful and realistic release plan. (*Id.*) Defendant also attaches multiple character reference letters from family, friends, mentors,

and supervisors, attesting to the positive changes Defendant has made in his life. (ECF No. 125-3; ECF Nos. 136-1–136-7.)

In opposition, the Government argues the § 3553(a) factors do not support a sentence reduction. (ECF No. 129 at 6.) The Government argues the nature and circumstances of Defendant's offense are serious, as Defendant victimized a 15-year-old girl for nearly two months by prostituting her for money, using force and threats against her, engaging in a sexual relationship with her, providing her with drugs, and even threatening her while he was in custody on an unrelated charge in 2014. (*Id.* at 6–7.) The Government further argues Defendant's history and characteristics also weigh against a reduction, as he has a lengthy criminal history and physically assaulted another inmate in 2018 by striking him with his fists in the upper body and facial area approximately nine times. (*Id.* at 7.) Lastly, the Government argues Defendant's rehabilitation is not a sufficient reason to reduce his sentence and notes Defendant has sustained several disciplinary incidents while in custody — the assault described above, three incidents of disrupting phone monitoring, and one incident of mail abuse. (*Id.* at 7–8.)

The Court agrees with the Government that Defendant's offense was extremely serious. However, after considering the § 3553(a) factors, the Court concludes a 20-month reduction to reflect a low-end sentence under the amended guidelines range is warranted. In 2017, Judge Burrell sentenced Defendant to what was then a low-end, 188-month sentence, even after considering the serious nature of the offense and Defendant's lengthy criminal history. At the time, both the probation officer and the Government recommended a low-end sentence. Defendant's 188-month sentence now falls in the middle of the amended guideline range. The Government fails to adequately explain why a mid-range sentence is warranted, especially considering that it originally recommended a low-end sentence. The only new arguments from the Government relate to Defendant's disciplinary record while in custody, which includes mostly minor infractions. Defendant's only serious infraction is the assault that took place six years ago, and there is no indication Defendant has engaged in violence since that time.

In sum, the Government fails to persuade the Court that Defendant's disciplinary record, without more, calls for a mid-range sentence. Therefore, for the same reasons a low-end sentence

was justified in 2017 and based on Defendant's rehabilitation efforts, the Court concludes the § 3553(a) factors support an amended, low-end sentence of 168 months in prison. Accordingly, the Court GRANTS Defendant's motion and reduces his sentence of imprisonment to a 168-month term of imprisonment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 125.) The Court finds that Defendant is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history category from VI to V. Defendant's resulting guidelines range with an unchanged offense level 31 reduces from 188–235 months in prison to 168–210 months in prison.

IT IS HEREBY ORDERED that Defendant's term of imprisonment imposed in June 2017 is reduced to a term of 168 months as of the effective date of the Court's order.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

IT IS SO ORDERED.

Date: October 28, 2024

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE